**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

ROBERT LEE WILLIAMS,

          Petitioner,

vs.

UNITED STATES OF AMERICA,

          Respondent.

No. C-08-4100-MWB
(No. CR-05-4123-MWB)

**MEMORANDUM OPINION AND**
**ORDER REGARDING**
**PETITIONER'S § 2255 MOTION**

———————————

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . 4

*II. PRELIMINARY MATTERS* . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . 5
   *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 8
       *1.  Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . 8
       *2.  Failure to challenge search warrant* . . . . . . . . . . . . . . . 10
       *3.  Failure to challenge indictment* . . . . . . . . . . . . . . . . . . 13
       *4.  Failure to call witnesses or adequately prepare for witness*
          *testimony* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
       *5.  Failure to request Brady material* . . . . . . . . . . . . . . . . . 19
       *6.  Failure to challenge ownership of residence* . . . . . . . . . . . 20
       *7.  Failure to challenge possession of firearm* . . . . . . . . . . . 22
       *8.  Failure to object to drug quantity* . . . . . . . . . . . . . . . . . 23
       *9.  Failure to object to § 851(a) Information* . . . . . . . . . . . . . 25
   *C. Ineffective Assistance Of Appellate Counsel* . . . . . . . . . . . . . . . . . 26
       *1.  Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . 26
       *2.  Failure to raise a claim* . . . . . . . . . . . . . . . . . . . . . . . 27
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

## I.  INTRODUCTION

This case is before the court on petitioner Robert Lee Williams's *Pro-Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by A Person In Federal Custody (Civ. docket no. 1), filed on November 24, 2008.  Williams claims that both his trial counsel and his appellate counsel provided him with ineffective assistance of counsel in several ways.  The respondent denies that Williams is entitled to any relief on his claims.

### A.  *The Petitioner's Criminal Proceedings*

On November 16, 2005, Williams was charged by a four-count indictment (Crim. docket no. 1), along with a co-defendant, with conspiracy to distribute 50 grams or more of cocaine base, having previously been convicted of a felony drug offense, with possession with intent to distribute approximately 40 grams of cocaine base, with distribution of approximately .44 grams of cocaine base, and with distribution of approximately 1.1 grams of cocaine base.  On December 15, 2005, the Grand Jury filed a superseding indictment (Crim. docket no. 3), modifying count two of the indictment to charge Williams and his co-defendant with possession with intent to distribute approximately 23.74 grams of cocaine base, instead of approximately 40 grams of cocaine base.  The Grand Jury also added a fifth count  charging Williams and his co-defendant with possession of a firearm in furtherance of and during a drug-trafficking crime.  *See* Crim. docket no. 3.  Williams appeared before Chief United States Magistrate Judge Paul A. Zoss on January 31, 2006, and pleaded not guilty to all charges in the indictment.  *See* Crim. docket no. 31.  Williams proceeded to jury trial on June 26, 2006.  *See* Crim.

docket no. 98. The jury found Williams guilty of all counts of the superseding indictment with the exception of Court Four, (distribution of 1.1 grams of cocaine base on or about August 17, 2005), on which they could not reach a verdict. *See* Crim. docket no. 104.

Williams appeared before the undersigned on October 13, 2006, for sentencing. *See* Crim. docket no. 134. Williams was sentenced to a total of 376 months. *See* Crim. docket no. 134. He received 316 months on Counts One and Two, 240 months on Count Three, and 120 months on Count Six, to run concurrently. *See* Crim. docket no. 134. Williams also received 60 months on Count Five, to be served consecutively to all other counts. *See* Crim. docket no. 134. In addition to the terms of imprisonment, Williams was ordered to be placed on supervised release for 10 years on Count One, 4 years on Count Two, and 3 years on Counts Three, Five and Six, all to run concurrently. *See* Crim. docket no. 134.

On October 19, 2006, Williams filed a Notice Of Appeal (docket no. 136), to the Eighth Circuit Court of Appeals. Williams argued, on appeal, that the district court improperly admitted audio and video recordings that were too poor in quality to be relied upon by a jury, argued that the evidence was insufficient to prove beyond a reasonable doubt that he possessed the firearm, and argued that his overall sentence was unreasonable. *See,* docket no. 161. The respondent filed a Notice of Cross Appeal (Crim. docket no. 150) on November 20, 2006, challenging the below-guidelines sentence based on the district court's rejection of the policy determinations reflected in the crack/powder cocaine differential. The respondent subsequently requested a dismissal of its cross-appeal which was granted by Order (Crim. docket no. 158) of November 13, 2007.

By Opinion (docket no. 161), of January 16, 2008, the Eighth Circuit Court of Appeals found that the recordings, in the context of the entirety of the evidence, were not of such poor quality that they should not have been admitted, found that there was ample

evidence to prove that Williams actually and constructively held joint possession of the firearm, that there was sufficient evidence to support a finding of a nexus between drug trafficking and the firearm, and that Williams's overall sentence was reasonable.  *See,* docket no. 161.  Based on these findings, the Eighth Circuit Court of Appeals affirmed the judgment of the district court.  *See* Crim. docket no. 161.

### *B.  The Petitioner's § 2255 Motion*

November 24, 2008, Williams filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1)("Motion").  Respondent filed a Response (Civ. docket no. 7) on March 27, 2009.  On April 24, 2009, petitioner filed a *Pro Se* Reply (Civ. docket no. 8).

### *II.  PRELIMINARY MATTERS*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255.  In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Williams's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Williams's allegations cannot be accepted as true because they are contradicted by the record.

Some of Williams's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Williams can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Williams's claims for § 2255 relief.

### III.  LEGAL ANALYSIS

#### A.  Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Williams's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to

> collateral attack, may move the court which imposed the
> sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under
28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the
ground that his sentence was imposed in the absence of jurisdiction or in violation of the
Constitution or laws of the United States, was in excess of the maximum authorized by
law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d
777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate
a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant
to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal
habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting
*Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67
F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated
on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). On the
other hand,

> Section 2255 relief is not available to correct errors
> which could have been raised at trial or on direct appeal,
> absent a showing of cause and prejudice, *United States v.
> Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71
> L. Ed. 2d 816 (1982), or a showing that the alleged errors
> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson
v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review
of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual

prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d

673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Williams's claims for § 2255 relief.

## B. Ineffective Assistance Of Counsel

### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28

U.S.C. § 2255 proceedings."). Thus, whether or not Williams is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

## 2.    *Failure to challenge search warrant*

Williams argues that his trial counsel should have moved to suppress evidence on the basis that the search warrant issued in the case was invalid because the affidavit attached in support of the application for the warrant did not determine that the confidential informant was reliable, did not mention that the house to be searched did not belong to

Williams, and states that "the Iowa Police Department Drug Unit" assisted on the controlled purchase and filmed the transaction, when the officers were actually outside of the residence during the controlled buy. (Motion, Ex.1 at 4.)

The respondent claims first that Williams's trial counsel reviewed and considered the issues raised regarding the search warrant and determined that there was no basis for a challenge. (Response at 8). The respondent also asserts that the information that the residence did not belong to Williams would not have negated the validity of the search warrant, given that there was a sufficient basis to show that Williams was living at the residence at the time. (Response at 9).

A search warrant is valid under the Fourth Amendment if it is supported by probable cause. *United States v. Stevens,* 530 F.3d 714, 717-718 (8th Cir. 2008)(citing *United States v. Gabrio,* 295 F.3d 880, 882 (8th Cir. 2002)). Probable cause exists when a "practical, common-sense" inquiry that considers the totality of the circumstances set forth in the information before the issuing judge yields a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). Although "an informant's veracity, reliability and basis of knowledge are all highly relevant" in determining whether probable cause exists when an affidavit is based on hearsay information, they are not "entirely separate and independent requirements to be rigidly exacted in every case." *Id.* (citing *Gates*, 462 U.S. at 230). An issuing judge's "determination of probable cause should be paid great deference by reviewing courts" and should be upheld if the judge had a "substantial basis for…concluding that a search would uncover evidence of wrongdoing." *Id.* (citing to *Gates*, 462 U.S. at 236).

"A search warrant is void and the resulting evidence must be suppressed, however, if the defendant proves by a preponderance of the evidence that the affiant knowingly and

intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit and the affidavit does not establish probable cause without the false statement." *United States v. Stevens,* 530 F.3d 714, 718 (8th Cir. 2008) (citing *Franks v. Delaware*, 438 U.S. 154,155-156 (1978)); *See also United States v. Leon,* 468 U.S. 897, 923 (1984)). "[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." *Gates*, 462 U.S. at 234 (The issuing judge could conclude that a daughter had a strong basis of knowledge that cocaine would be found in defendant's home because defendant had shown her that it was there.); *See United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (citing *United States v. Jackson*, 898 F.2d 79, 80 (8th Cir. 1990) (first-person account indicates a strong basis of knowledge).

Even if a search warrant is deemed invalid, evidence obtained pursuant to the warrant is not automatically suppressed. Such evidence is admissible when it is objectively reasonable for a police officer to have relied in good faith on the issuing judge's probable cause determination. *United States v. Puckett*, 466 F.3d 626, 629 (8th Cir. 2006)(citing *Leon*, 468 U.S. 897, 922 (1984).

The affidavit in support of the search warrant in this case contained statements made by a confidential informant with first hand knowledge of purchasing crack cocaine from Williams. (Motion, Ex.2 at 1). Further, the affidavit indicates that Williams had been selling crack cocaine at the residence in question. (Motion, Ex.2 at 1). The affidavit also contains information regarding two different controlled buys of crack cocaine, from Williams, at the residence. (Motion, Ex.2 at 1). Probable cause exists when a "practical, common-sense" inquiry that considers the totality of the circumstances set forth in the information before the issuing judge yields a "fair probability that contraband or evidence

of a crime will be found in a particular place." *Id.* (citing to *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). Under the totality of the circumstances presented in the affidavit, a practical common sense inquiry would unquestionably yield a fair probability that contraband or evidence of a crime involving the sale of crack cocaine would be found at the residence.

Williams's trial counsel states that he considered the issues surrounding the validity of the search warrant and concluded that there would be no basis upon which to move to suppress evidence. (Response at 9). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). It is clear that Williams's counsel made a strategic decision not to challenge evidence gathered pursuant to the search warrant by attacking the validity of the warrant or the affidavit in support of the warrant. Williams has not established that his counsel's conduct fell outside the "wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877. If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Thus, Williams cannot establish that his counsel provided ineffective assistance on this ground.

### 3.  *Failure to challenge indictment*

Williams claims that the indictment in his case was defective because it alleged that he was involved in a drug conspiracy from 2003 to August 2005. (Motion, Ex. 1 at 5). Williams asserts that he was incarcerated from October 2001 to December, 2003 and therefore could not have been involved in a drug conspiracy initiated during 2003. (Motion, Ex.1 at 5). Further, Williams asserts that upon his release from prison, he was

released to a program at the residential treatment facility located in Sioux City, Iowa, which he did not complete until approximately April 20, 2004. (Motion, Ex.1 at 5).

The respondent asserts that an indictment does not need to involve an exact time period in order to be valid. (Response at 9). Further, the respondent asserts that one or more of Williams's alleged co-conspirators could have been active in the drug conspiracy prior to Williams's release. (Response at 9). Finally, the respondent indicates that Williams's trial counsel determined that there were no grounds for challenging the indictment after consideration of the issues raised by Williams. (Response at 10).

"To be sufficient, an indictment must fairly inform the defendant of the charges against him. . . ." *United States v. Dolan*, 120 F.3d 856, 864 (8th Cir. 1997) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "It is elementary in American jurisprudence that an indictment must set forth the essential elements of the offense charged. . . ." *United States v. Denmon*, 483 F.2d 1093, 1095 (8th Cir. 1973) ( citing *Stirone v. United States*, 361 U.S. 212 (1960)); *see also Cole v. Arkansas*, 333 U.S. 196(1948). When addressing itself to this issue, the Supreme Court, has throughout the years, held that an indictment must allege all of the essential elements of a crime in order to be sufficient. *United States v. Debrow*, 346 U.S. 374 (1953); *Morisette v. United States*; *Hagner v. United States*, 285 U.S. 427, 431 (1932); *United States v. Carll*, 105 U.S. 611, 612 (1881). "[O]ne unchanging common requirement in the cases directly facing the issue is the necessity for the indictment to charge the essential elements of the offense." *Denmon*, 483 F.2d at 1097 (citing *United States v. Carll*, 105 U.S. at 612); *see also Hagner v. United States*, 285 U.S. at 431; *Morisette v. United States*, 342 U.S. at 270; *United States v. Debrow*, 346 U.S. at 376; *Russell v. United States*, 369 U.S. at 763; *Gaither v. United States*, 413 F.2d at 1070; *Rood v. United States*, 340 F.2d 506, 509 (8th Cir. 1965).

Williams argues that the indictment was invalid because he could not have been part of a conspiracy when he was incarcerated. However, the essential elements of the offense of conspiracy pursuant to 21 U.S.C. § 846, are, one, that on or before a date certain, two or more persons reached an agreement to distribute a controlled substance; two, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and, three, that at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement. *See United States v. Guzman-Tlaseca,* 546 F.3d 571, 577 (8th Cir. 2008) (citing, *United States v. Adams*, 401 F.3d 886, 893 (8th Cir. 2005).

The indictment in this case states that the relevant period of the conspiracy was "From about 2003 through August 17, 2005." (Crim. docket no. 1). The indictment sufficiently advised Williams of the essential elements of the offense with which he was charged. The dates contained in the indictment refer to a time period during which the conspiracy was allegedly in progress. The fact that Williams was incarcerated during the initial stages of the conspiracy does not make the indictment invalid as to Williams, because there was sufficient evidence to allow the jury to find that he joined the conspiracy while it was on-going. *See Guzman,* 546 F.3d at 578 (citing *United States v. Harris,* 344 F.3d 803, 805 (8th Cir. 2003) (*per curiam*) ("[A] variance between the date set forth in the indictment and the proof at trial is not fatal as long as the acts alleged were committed within the statute of limitations and before the date of the indictment."). Time is not an essential element of a conspiracy so long as the time frame proved was within the period alleged in the indictment. *See id.* (citing *United States v. Davis,* 679 F.2d 845, 852 (11th Cir. 1982).

Because Williams cannot demonstrate that the indictment in his case was invalid, he cannot establish that his trial counsel's performance "'fell below an objective standard

of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). Because Williams cannot show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

### 4.     Failure to call witnesses or adequately prepare for witness testimony

Williams asserts that his trial counsel failed to call witnesses on his behalf, particularly Teri Carter and Mary Brown. (Motion, Ex.1 at 8). Williams also alleges that his trial counsel participated in trial solely through ill-prepared cross-examinations. (Motion, Ex.1 at 8).

Respondent argues that the evidence presented against Williams was predominantly based on the direct participation of co-conspirators or direct observation. (Response at 10). Further, respondent asserts that Williams's trial counsel states that Williams's alleged witnesses were unwilling to talk with him, or were not called because they had no relevant information or would have harmed Williams's case. (Response at 10).

To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that his or her testimony "would have probably changed the outcome of the trial." *Id.* (citing *Strickland*, 466 U.S. at 687). Williams's trial counsel indicates, via affidavit, that Terry Carter and Mary Brown were unwilling to talk to him. (Response, Ex.1 at 4). Additionally, trial counsel states that neither of these two potential witnesses had any relevant testimony and that the testimony of Mary Brown may have harmed Williams's case. (Response, Ex.1 at 4). Further, Williams does not state what testimony Teri Carter or Mary Brown would have provided that would have been helpful to his case. The trial record indicates that trial counsel had engaged in extensive preparation for trial and was adequately prepared throughout. Specifically, the trial transcript reflects that Williams's trial counsel cross-

16

examined the prosecution witnesses, addressing Williams's concerns, including, but not limited to, cross-examining witnesses regarding the quality of tape recordings of a buy that formed the basis for obtaining a search warrant, the relationship of the confidential informant to the officers, the relationships between Pearl Freemont and others, and the general credibility of each of the witnesses, all based on information that was not necessarily drawn out on direct examination. (Trial Transcripts Volumes 1-3). Based on this record, this court believes that trial counsel engaged in diligent research and preparation, and made a strategic decision not to call Terry Carter or Mary Brown as witnesses. Further, this court is not convinced that the testimony of either Terry Carter or Mary Brown would have changed the outcome of the trial. *See Hadley*, 97 F.3d at 1135 (citing *Strickland*, 466 U.S. at 687, as holding that there is no prejudice where a witness's expected testimony would probably not have changed the outcome of the trial). The evidence at Williams's trial tying him to the drug conspiracy was overwhelming. "There is no prejudice if, factoring in the uncalled witnesses, the government's case remains overwhelming." *Armstrong v. Kemna,* 1020 WL 10389, *13, (8th Cir. 2010) (citing *McCauley-Bey v. Delo,* 97 F.3d 1104, 1106 (8th Cir. 1996).

Williams also argues that his trial counsel failed to object to improper admission of co-conspirator testimony. (Motion, Ex.1 at 6). Williams asserts that the testimony of Keri Goodwin, Anthony Grenier, Elvester Sowell, Patrick Harrell, Marty Landfair and Kimberly Lutt, was erroneously admitted under Rule 801(d)(2)(E), of the Federal Rules of Evidence. (Motion, Ex.1 at 7). Williams further asserts that their testimony was not relevant and should have been objected to as evidence of other crimes, wrongs, or acts admitted to prove the character of a person. (Motion, Ex.1 at 7).

Under the procedure laid out in *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978), a district court may admit an out-of-court statement from a co-conspirator, upon

objection, if it determines, by a preponderance of the evidence, that "the statement was made during the course and in furtherance of a conspiracy to which the declarant and the defendant were parties." *United States v. Fuller*, 557 F.3d 859, 865 (8th Cir. 2009)( citing *United States v. Engler*, 521 F.3d 965, 972 (8th Cir. 2008) (in turn quoting *United States v. McCracken*, 110 F.3d 535, 542 (8th Cir. 1997)); *see also* Fed. R. Evid. 801(d)(2)(E). Where a district court does not follow the *Bell* requirements, a defendant suffers no prejudice where overwhelming evidence of the existence of a conspiracy exists and the relevant statements were made in furtherance of that conspiracy. *See United States v. Anderson*, 243 F.3d 478, 483 (8th Cir. 2001). In general, statements by co-conspirators concerning their distribution of drugs or their efforts to recruit other conspirators are admissible as in furtherance of the conspiracy. *United States v. Gardner*, 447 F.3d 558, 560 (8th Cir. 2006) (citing *United States v. Sanchez-Berrios*, 424 F.3d 65, 74-75 (1st Cir. 2005), *cert. denied*, 546 U.S. 1125 (2006)); *see also United States v. Mickelson*, 378 F.3d 810, 820 (8th Cir. 2004); *United States v. Ortiz-Martinez*, 1 F.3d 662, 674 (8th Cir.), *cert. denied*, 510 U.S. 936 (1993).

Williams does not specify which statements were erroneously admitted under Federal Rule of Evidence 801(d)(2)(E). Rather, he asserts that all testimony in the case in chief was admitted pursuant to Rule 801(d)(2)(E). (Motion. Supp. at 7). He states that the testimony of Keri Goodwin, Anthony Grenier, Elvester Sewell, Patrick Harrell, Marty Landfair, and Kimberly Lutt was all erroneously admitted.

After review of the trial transcript, this court determines that there was very limited hearsay testimony admitted pursuant to Rule 801(d)(2)(E), and it was properly objected to and ruled upon following proper *Bell* procedures. (Trial. Tran., Vol. 3, at 359-360.) Trial counsel's performance with regard to the testimony complained of did not 'f[a]ll

below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).

Further, a thorough review of the trial transcript reveals that there was overwhelming evidence of the conspiracy and Williams's role in it, regardless of any limited Rule 801(d)(2)(E) evidence; therefore, even if trial counsel's performance was deficient, and this court does not find that it was, Williams suffered no prejudice. Williams cannot establish "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). For the above reasons, Williams's claim of ineffective assistance of counsel will not prevail on these grounds.

With regard to Williams's allegation that his trial counsel provided ineffective assistance of counsel by engaging in ill-prepared cross examination, Williams again fails to indicate specifically what evidence would have been introduced if his counsel had engaged in what Williams considered adequately prepared cross-examination. Williams's assertion fails to establish that the result of the proceeding would have been different and, therefore, he cannot prevail on this aspect of his ineffective assistance claim.

### 5. *Failure to request Brady material*

Williams asserts that a statement made by Pearl Freemont, an alleged co-conspirator, to the effect that 23.74 grams of crack cocaine found in her residence belonged to Keith Black and not Williams and that Pearl Freemont received approximately two to three kilograms of crack from Keith Black, was an exculpatory statement that should have been requested as *Brady* material. (Motion, Ex.1 at 9).

The respondent asserts that if this material constitutes *Brady* material, and the respondent does not concede that it does, documents containing these statements were provided to Williams's trial counsel as part of the discovery material, so no *Brady* violation occurred and Williams's counsel could not have provided ineffective assistance of counsel with regard to this material. (Response, at 11). Further, trial counsel's affidavit makes it clear that he was aware of the statements made by Pearl Freemont, indicating that he had access to them prior to trial. (Response, Ex.1 at 3-4).

Suppression by the prosecution of evidence favorable to the defense is a violation of due process. *United States v. Williams*, 577 F.3d 878, 882 (8th Cir. 2009)(citing to *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). "To establish a *Brady* violation, the defendant must show the government suppressed evidence that was both favorable to the defense and material to the issue of guilt or punishment." *Id.* at 882 (quoting *United States v. Farmer*, 312 F.3d 933, 936 (8th Cir. 2002)). Further, ""[u]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.*(quoting *Arisona v. Youngblood*, 488 U.S. 51, 58 (1988)).

Because the information Williams claims is *Brady* material was released to Williams's trial counsel in discovery, Williams has not established that there was a *Brady* violation, therefore he cannot succeed on a claim of ineffective assistance of counsel on this ground.

### 6. *Failure to challenge ownership of residence*

Williams claims that his counsel provided ineffective assistance of counsel by failing to present evidence to prove that the residence at which the controlled buy occurred belonged to Pearl Freemont and not to him. (Motion, Ex.1 at 10-11).

The respondent argues that there was no legal requirement for the prosecution to prove Williams's constructive possession of the residence or anything therein. (Response at 11). Also, trial counsel's affidavit indicates both that he was aware that ownership of the residence was irrelevant and that there was evidence presented to the jury, in the form of Pearl Freemont's testimony, regarding ownership of the residence in question. (Response, Ex. 1, at 3 and 4).

As discussed above, the elements of the offense that Williams was charged with are, one, on or before a date certain, two or more persons reached an agreement to distribute a controlled substance; two, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and three, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement. 8th Circuit Model Jury Instructions 6.21.846A. The fact that Williams did not own the residence at which the controlled buy and various other drug transactions involving Williams and others occurred, does not in any way go to any of the elements of the offense.

Williams has not established that his counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). Trial counsel made a "'[s]trategic choice… after thorough investigation of law and facts relevant to plausible options.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Since Williams has failed to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

However, the court determines that Williams has also failed to establish that he was in any way prejudiced by the conduct of trial counsel. He has not shown "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Regardless of who owned or controlled the residence at which the controlled buy and other drug transactions involving Williams occurred, the prosecution had sufficient evidence to establish the elements of the crime with which Williams was charged.

For these reasons, Williams has not established that his trial counsel provided ineffective assistance of counsel on this ground.

### 7.  *Failure to challenge possession of firearm*

Williams asserts that "all the testimony about the gun was inadmissible because the acts testified to were not integral parts of the offense for which Petitioner was charged." (Motion, Ex. 1 at 11). Williams claims that trial counsel did not attempt to impeach Pearl Freemont's testimony on the grounds that she was facing a life sentence and the testimony about the gun was coerced. (Motion, Ex.1 at 11).

The respondent argues that Pearl Freemont's testimony established that Williams purchased and possessed the gun in question in furtherance of the drug conspiracy and that this was sufficient evidence for the question of possession of a firearm in furtherance of a drug-trafficking crime, to be presented to the jury. (Response at 12). The affidavit of trial counsel indicates that he did cross-examine Pearl Freemont in an attempt to impeach her testimony and that he considered that Pearl Freemont's testimony regarding the possession of the firearm was relevant and sufficient to create a jury question. (Response, Ex. 1 at 5).

"To secure a conviction for possession of a firearm in furtherance of a drug trafficking crime, the government must present evidence from which a reasonable juror could find a nexus between the defendant's possession of the charged firearm and the drug

crime, such that this possession had the effect of furthering, advancing or helping forward the drug crime." *United States v. Murphy*, 572 F.3d 563, 571 (8th Cir. 2009) (quoting *United States v. Sanchez-Garcia*, 461 F.3d 939, 946 (8th Cir. 2006)) ( in turn quoting *Unites States v. Hamilton*, 332 F.3d 1144, 1149-50 (8th Cir. 2003)). "[T]he jury must be able to infer that the defendant's possession of a firearm facilitated the drug crime, through evidence that the firearm was used for protection, was kept near the drugs, or was in close proximity to the defendant during drug transactions." *Id.*(citing *United States v. Thorpe*, 447 F.3d 565, 568 (8th Cir. 2006)).

Pearl Freemont testified that Williams got the gun, that both she and Williams handled it at the residence at which they sold drugs, and that it was for protection during their drug transactions. (Trial Trans. volume 3 of 3, at 310-312). This testimony was relevant to the question of whether Williams possessed a firearm in furtherance of a drug-trafficking crime. Williams has not established that there were any grounds upon which to challenge this testimony; therefore, he has not shown that his trial counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).

Further, because Williams cannot show that any objection or challenge to the testimony would have rendered the testimony inadmissible, he has not established that "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . .'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same).

Williams's claim of ineffective assistance of counsel on this ground, therefore, fails.

### 8.     *Failure to object to drug quantity*

Williams claims that the only direct evidence of drug quantity that was presented to the jury was an incident that involved .44 grams of crack cocaine. (Motion, Ex.1 at

13). Williams asserts that to reach the conclusion that he was responsible for 50 grams or more, the "jury had to make speculative inference upon speculative inference." (Motion, Ex.1 at 13). The respondent argues that the prosecution did present sufficient evidence of petitioner's involvement with at least 50 grams of crack cocaine and that the jury found beyond a reasonable doubt that Williams was responsible for at least 50 grams of crack cocaine. (Response at 12-13). Trial counsel, by affidavit, acknowledges that the prosecution did present evidence at trial that would lead to a finding of 50 or more grams of crack cocaine; therefore, there was no reason to contest quantity at sentencing. (Response at 5). The respondent asserts that the court, at sentencing, need only determine drug quantities based on a preponderance of the evidence. (Response at 12).

"A preponderance of evidence standard of proof applies to judicial fact finding at sentencing, a standard that satisfies both the Fifth Amendment's guarantee to due process and the Sixth Amendment right to trial by jury." *United States v. Webb*, 545 F.3d 673, 677 (8th Cir. 2008). "Drug type and quantity determine the statutory sentencing range in cases charged under 21 U.S.C. §§ 841 and 846, with the statutory maximum being based on the amount a jury finds beyond a reasonable doubt." *Id.*(citing to *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000)). Williams was not sentenced to a term of imprisonment greater than the statutory maximum, (a life sentence), for the offense that the prosecution proved to a jury beyond a reasonable doubt. See *Id*. Further, Williams received a sentence that was below the advisory guideline range. (See CR05-4123, docket no. 129).

Williams cannot establish that his trial counsel's performance with respect to sentencing "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an

"ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Williams cannot establish that his counsel provided ineffective assistance on this ground.

### 9.  *Failure to object to § 851(a) Information*

Williams alleges that his trial counsel "failed to object to 851(a) information as untimely filed and failed to challenge whether simple possession of a controlled substance (marijuana), and not cocaine as alleged in the indictment may be used to satisfy the requirements of § 4B1.1 to enhance" his sentence. (Motion, Ex.1 at 14). Williams asserts that the "predicate conviction offered by the government for enhancement purposes was a 2001 Iowa conviction for three time simple possession of a controlled substance and the 851 Notice was not filed before jury selection began but at sentencing." (Motion, Ex.1 at 15).

The respondent does not directly address this issue, but trial counsel indicates, by affidavit, that Williams is confusing criminal history with 851 notice requirements for statutorily enhancing the maximums and minimums. (Response, Ex.1 at 6).

Pursuant to 21 U.S.C. § 851(a)(1), an individual convicted under the relevant statute shall not be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, the United States attorney files an information with the court stating in writing the previous convictions to be relied upon. The general procedure is for the government to file a separate notice pursuant to § 851. *United States v. Johnson*, 462 F.3d 815, 823 (8th Cir. 2006). However, an indictment containing in writing reference to the previous convictions to be relied upon is sufficient notice for the purpose of § 851. *See Id.* In this case, Count One of the indictment clearly indicates that the prosecution was alleging prior conviction of a felony drug offense pursuant to § 851. (Crim. docket nos. 1 and 16). Accordingly, Williams has not established that there was

any failure to comply with § 851, and cannot show that his counsel's performance with respect to this issue "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Williams cannot establish that his counsel provided ineffective assistance on this ground.

## C. *Ineffective Assistance Of Appellate Counsel*

### 1. *Applicable standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). To establish ineffective assistance of appellate counsel, Williams must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal. *Williams v. Kemna*, 311 F.3d 895, 898, (8th Cir. 2002) (citing *Tokar v. Bowersox*, 198 F.3d 1039, 1051 (8th Cir. 1999), *cert denied*, 531 U.S. 886 (2000)). The deficient performance standard is rigorous because "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Absent contrary evidence, it is assumed that appellate counsel's failure to raise a claim was an exercise of

sound appellate strategy. *Brown,* 528 F.3d at 1033. The prejudice standard is equally rigorous: Williams must show that "the result of the proceeding would have been different" had he raised the issue on direct appeal. *Id.* (citing *Becht v. United States*, 403 F.3d 541, 546 (8th Cir. 2005), *cert. denied*, 546 U.S. 1177 (2006)).

### 2.    *Failure to raise a claim*

Williams argues that his appellate counsel "failed to challenge issues that should have been contested." (Motion, Ex.1 at 16). However the only specific failure of appellate counsel that Williams alleges, is a failure to communicate with him. (Motion, Ex.1 at 16.)

The respondent asserts that Williams has not shown that appellate counsel was ineffective because, other than claiming that appellate counsel failed to spend sufficient time with him, he has not provided any indication what issue or issues appellate counsel failed to raise on appeal. (Response at 14). Further, the respondent argues, relying on appellate counsel's affidavit, that appellate counsel engaged in adequate communications with Williams regarding his appeal. (Response, Ex. 2).

With regard to claims asserting ineffective assistance of appellate counsel, claims argued with no specificity are waived. *Malone v. Vasquez*, 138 F.3d 711, 720 (8th Cir. 1998)(citing to *Sweet v. Delo*, 125 F.3d 1144, 1148 (8th Cir. 1997)). Where a movant has alleged no specific error by his appellate counsel, he has not established any prejudice. *See id.* Williams has not specified what issues he feels his appellate counsel failed to raise on appeal; therefore, his claim that his appellate counsel provided ineffective assistance by failing to raise issues on appeal, fails. With regard to insufficient communication with Williams, the record simply does not support Williams's allegation that his appellate counsel failed to spend sufficient time communicating with him. Williams has failed to demonstrate that his appellate counsel provided ineffective assistance of counsel on appeal.

### D. Certificate Of Appealability

Denial of Willams's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Williams has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Williams's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Williams does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## IV. CONCLUSION

Upon the foregoing, Williams's Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 3rd day of February, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA